Taliaferro, J.
The plaintiff prays to be divorced from his wife on the ground, as he alleges, that further co-habitation with her is insupportable; that her conduct is repugnant to the marriage covenant; that her conduct toward him and his children by a former marriage renders it insupportable to live with her, and that towards himself personally, her conduct is outrageous.
*595 Tiie wife, in answer to this petition, after denying all its allegations, sets up the charge against her husband of habitual intoxication on his part that renders it insupportable on her part to live with him; that he treats her in an exceedingly ill and crabbed manner, cursing and abusing- her, and on one occasion that he slapped, beat and choked her. She reconvenes, praying a decree of divorce from her husband, a division of the community property between, them, for alimony, etc.
There is a child of about, three years old, issue of the marriage of these parties. Each claims to have the custody of the child decreed to them.
The wife had judgment divorcing her from her husband and decreeing to her the custody and tutorship of the child, with reservation to the wife to recover her share of the community of acquets and gains.
The plaintiff appealed.
The disposition we shall make of this case renders it unnecessary to examine the bills of exceptions found in the transcript.
We have examined the testimony in this record with attention, and after due consideration we do not give to it the character and purport which seems to oe attached to it by the contending parties. It is doubtless tinged to a considerable extent by the feelings and prejudices of relatives and friends, who have testified on either side. This is natural, and found in cases of this kind to be common. It is shown that the husband is addicted to the intemperate use of ardent spirits, and that when under its baneful influence he is passionate and spiteful; that when in a good humor he treated his wife kindly. Difficulties seem to have arisen between them frequently. The wife on one or two occasions left the common domicile and again returned. The witnesses speak of one or two reconciliations between them. This is denied by the counsel of the defendant, but we think the testimony does establish a reconciliation that took place in 1873. The wife, it is shown, was in the habit of using opium or morphine in considerable quantities; but we do not find that the evidence establishes that the use of these sedatives had any bad effects upon her of any sort. A lady, who testified in regard to the defendant’s use of narcotics, says she knew her ten or eleven years, and knew nothing against her; “always considered her a very clever lady and her bearing good.” In this instance is presented the common case of difficulties arising between a stepmother and children of the husband by a former wife. Such feuds are often sharp, and involve ail the household in discord and wrangling. Several grown daughters of the plaintiff, it is shown, reside with him. Between them and his wife amicable relations, it seems, have not always been preserved. Often, no doubt, the conflicting feelings of the father and the husband may have been taxed to an *596 extent beyond the power of his philosophy to maintain equanimity of temper. But surely these petulances and ebullitions that are constantly occurring in families are not troubles ot so grievous a character that they are to be remedied only by divorce. The difficulties unhajrpily existing between tire litigants, we infer from the evidence, have arisen mainly from this source. No grave and insuperable cause, in our judgment, exists justifying a decree of divorce. It was not the intention of the lawmaker that courts should be governed in their decisions of cases of this sort by the declarations and wishes of the parties themselves, acting under excitement and dissatisfaction. Their allegations of grievances insupportable must be made good by proof, to authorize the action of the judge. Trials and troubles from the infirmities of our nature constantly assail us, and it is our duty, as best we may, to bear up under them and overcome them if in our power. Something must be expected from the parties themselves, to overcome their domestic difficulties. It is not every family feud declared by husband or wife to be insupportable that will authorize a divorce. It is in the great interests of society that the conjugal relation should not bo dissolved except upon weighty and well established reasons. The record before us we do not think presents such a reason.
It is therefore ordered that the judgment of the district court be annulled and reversed. It is further ordered that this suit be dismissed at plaintiff’s costs.